# EXHIBIT A-3

EXHIBIT A-3

DATE FILED: May 13, 2013 11:40 PM
FILING ID: 4C1B0C1

| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202<br>Phone: (720) 865-8301 | |
| **Plaintiff:**<br>HASCO, INC., of NEW MEXICO<br><br>v.<br><br>**Defendant:**<br>FIRST AMERICAN TITLE INSURANCE COMPANY | ▲ **COURT USE ONLY** ▲ |
| **Attorney for Plaintiff**<br>David R. Ball, Esq.<br>Atty. Registration # 32846<br>DRB Law PLLC<br>P.O. Box 12086<br>Denver, CO 80212<br>Phone Number: (720) 439 - 2530<br>Fax Number: (720) 439 - 2532<br>E-mail: david@drbesq.com | Case Number:<br>Division:<br>Courtroom: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Hasco, Inc., of New Mexico ("Hasco"), by and through its attorney of record, DRB Law PLLC, and for its complaint against the Defendant, First American Title Insurance Company, states and alleges as follows:

The Parties

1. Hasco is a corporation registered and in good standing in the State of Colorado with its principal office street address at 3032 I-70 Business Loop, Grand Junction, Colorado, 81504.

2. Upon information and belief, First American Title Insurance Company ("Defendant"), is a California Corporation, registered and in good standing in the State of Colorado with its principal Colorado office street address at 55 Madison Street, Suite 155, Denver, Colorado, 80206.

Jurisdiction and Venue

3. Jurisdiction is proper pursuant to the Constitution of the State of Colorado, which prescribes that the District Court is the trial court of record with general jurisdiction and shall have such jurisdiction as is prescribed by law under the Constitution of the State of Colorado pursuant to Article VI, Section 9.

4. Venue is proper pursuant to Rule 98(c) of the Colorado Rules of Civil Procedure.

General Allegations

5. Hasco is a real estate development and investment company with its principal office in Grand Junction, Colorado.

6. On or about April 14, 2004, Hasco purchased from Thomas H. Smith and Margie E. Smith (the "Smiths") two adjacent parcels of undeveloped property, totaling approximately 42.18 acres, on Highway 160 in Pagosa Springs, Colorado (hereinafter the "Pagosa Springs Property" or "Property"). Hasco purchased the Pagosa Springs Property for approximately $2,570,000.00.

7. Hasco purchased the Pagosa Springs Property with the intent of capitalizing on a unique business opportunity and ultimately developing it for its most profitable, highest and best use.

8. At the time Hasco purchased the Pagosa Springs Property, Hasco also entered into a contract with First American Title Insurance Company for a Policy of Title Insurance ("Policy") on the Property. The Policy (Policy No. J1947599), issued by the Defendant on April 14, 2004, insures against loss or damage sustained or incurred by Hasco by, among other things, any defect in, or lien or encumbrance on the title to the Pagosa Springs Property. Defendant wrote the Policy in the amount of $2,570,000.00.

9. Hasco complied with its obligations related to the issuance of the Policy and paid the full premium for the Policy in a timely fashion. Defendant accepted Hasco's payment for the Policy and subsequently issued Hasco an official copy of the Policy in mid-August of 2004.

10. The Policy remains in full force and effect today.

11. The Smiths purchased the Pagosa Springs Property from an entity called Pagosa Lakes Ranch, Inc., in 2003. The 2003 deed from Pagosa Lakes Ranch, Inc., to the Smiths includes a Deed and Covenant Restriction. The Restriction allegedly precluded the owner of the Pagosa Springs Property, and its successors and assigns, from permitting "any other department, discount, variety, or dollar store where the gross building area is in excess of 5,000 square feet to operate on any of the property." According to the language in the Deed Restriction, it remains in full force so long as the lease between Pagosa Lakes Ranch, Inc., and the Duckwall-ALCO Store across the street remains in effect and unchanged.

12. Hasco was not aware of this Deed and Covenant Restriction on the Pagosa Springs Property. Had Hasco known about the Restriction, it would not have purchased the Property because the Deed and Covenant Restriction materially impairs the value of the Property and precludes Hasco from developing the Property for its most profitable, highest and best use.

13. On information and belief, Defendant was not aware of the Deed and Covenant Restriction either. Hasco's Policy of Title Insurance from the Defendant did not identify or except the Deed and Covenant Restriction from the Policy.

14. On or about June 8, 2010, Hasco provided the Defendant notice of claims under the Policy for, among other things, the defect or encumbrance created by the Deed and Covenant Restriction in the deed from Pagosa Lakes Ranch, Inc., to the Smiths.

15. There is no dispute that the alleged Deed and Covenant Restriction was a part of the deed from Pagosa Lakes Ranch, Inc., to the Smiths.

16. There is no dispute that the Defendant failed to exclude the alleged Deed and Covenant Restriction from the Policy.

17. In the event of a defect, lien or encumbrance on Hasco's title to the Pagosa Springs Property, the Policy affords the Defendant the right to institute or prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the Property, as insured, or to prevent or reduce loss or damage to Hasco.

18. The Policy is also a contract for indemnity for Hasco's actual loss arising as a result of the Restriction. In turn, the Policy requires the Defendant, in response to a valid claim, to pay the full amount of the Policy or to otherwise settle claims brought by Hasco. The Defendant's liability for claims is limited to the full amount of the Policy, or the difference between the value of the Pagosa Springs Property as insured and the value of the Property with the defect, lien or encumbrance ensured against by the Policy.

19. Pursuant to the terms of the contract between Hasco and the Defendant, Hasco demanded that the Defendant immediately take all steps necessary to remove the title defect, and counsel for Hasco offered to discuss strategies with the Defendant to remove the defect. The city of Pagosa Springs recently had rescinded the portion of its land use development code that prevented the development of large retail stores in excess of 40,000 square feet, and Wal-Mart was actively seeking real estate for a store location in Pagosa Springs.

20. On information and belief, Defendant took no steps to try to remove or invalidate the alleged Restriction or to prevent or reduce loss or damage to Hasco.

21. On June 23, 2010, Defendant elected to hire David M. Kilty, an appraiser, to determine the difference between the value of the Pagosa Springs Property as insured and the value of the Property with the defect, lien or encumbrance ensured against by the Policy.

22. At the time Defendant hired the appraiser, and until only recently, Hasco reasonably believed that the Defendant had admitted liability under the Policy and relied on that reasonable belief in its dealings with the Defendant. Hasco believed the Kilty appraisal was intended to define Hasco's actual loss as a result of the Deed and Covenant Restriction, so that Defendant could compensate Hasco for such loss.

23. Hasco cooperated with Mr. Kilty in his investigation and appraisal, and to the best of its ability, provided information that he requested, access to Hasco's resources, and access to the Pagosa

Springs Property. It was Hasco's goal to be as open as possible with Defendant and provide any information it had to expedite the resolution of this matter.

24. On or about October 19, 2010, Mr. Kilty completed the appraisal report, and ultimately concluded that the Restriction diminished the property value by approximately $250,000. The Defendant provided a copy of the appraisal to Hasco.

25. The appraisal, however, was flawed in a number of respects, not the least of which was the presumed duration of the Deed and Covenant Restriction. Mr. Kilty assumed that the Duckwall-ALCO Store, Inc., lease would expire in 2015, and accordingly, the Restriction would lapse in 2015. On information and belief, the building occupied by Duckwall-ALCO Store, Inc., was developed expressly for Duckwall, and the builder anticipated obtaining rent from Duckwall for the 25-30 year economic life of the building.

26. To Hasco's knowledge, the Defendant has not obtained a copy of the Duckwall-ALCO Store, Inc., lease. Hasco has not been able to obtain a copy of the lease, but believes that Duckwall and Pagosa Lakes Ranch, Inc., entered at least a 15 year lease term with at least two additional five year renewal options.

27. Following receipt of the appraisal report from Mr. Kilty, Hasco engaged in discussions with Duckwall-ALCO Store, Inc., about the potential removal of the Deed and Covenant Restriction from the Pagosa Springs Property. Duckwall ultimately offered to waive the Deed and Covenant Restriction from the Property for $2,400,000.00. Duckwall's offer was nearly ten times the amount of the Defendant's appraisal of the diminished property value.

28. On information and belief, in the ensuing months, Wal-Mart has committed to purchase land in Pagosa Springs for the construction of a new Wal-Mart store. Wal-Mart anticipates breaking ground on the project in the summer of 2013, and a grand opening by the spring of 2014.

29. The property Wal-Mart committed to purchase is very close to Hasco's Property, which on information and belief, confirms that the Pagosa Springs Property would have been an extremely desirable site for Wal-Mart. Because Hasco's Property was subject to the Deed and Covenant Restriction, Wal-Mart could not purchase and develop the Property for its new store.

30. Despite its contractual obligation to indemnify and compensate Hasco for the valid claim of loss as a result of the Deed and Covenant Restriction, the Defendant has made no offer to compensate Hasco. Even if Defendant had offered to compensate Hasco based on the appraisal of diminished value provided by Defendant to Hasco (which it did not), the appraisal value was inadequate and inaccurate.

31. To Hasco's knowledge, Defendant has not initiated any material communication with Hasco since Defendant delivered the appraisal in October of 2010 or requested any additional information to assist in its investigation and assessment of Hasco's June 2010 claim.

32. In late February or early March of 2013, having heard nothing from the Defendant, Hasco once again contacted the Defendant and provided an update on the status of the Property. Hasco also sought to find some resolution to the Deed and Covenant Restriction on the Pagosa Springs Property.

33. At this point, Wal-Mart had already committed to purchase property for its new store, and with the Deed and Covenant Restriction in place, allegedly limiting development to stores under 5,000 square feet, Hasco has no reasonable opportunity to develop its property for the most profitable, highest and best use it intended when it purchased the Property.

34. Although the Defendant had not engaged in any material communications with Hasco since providing the 2010 appraisal, and on information and belief, had taken no steps to try to remove the alleged Restriction, or prevent or reduce loss to Hasco, the Defendant rejected Hasco's efforts to resolve the matter and once again failed to offer any compensation for Hasco's loss as a result of the alleged Deed and Covenant Restriction.

35. For the first time, Defendant claimed that it did not concede liability for the Deed and Covenant Restriction. Defendant insisted that it needed to reopen its investigation, and after two and a half years of inaction, demanded that Hasco provide a mound of information in response to twelve distinct categories of requests. Most of these requests were not a part of the Defendant's initial investigation and assessment of the claim.

36. Hasco is in the process of gathering the non-privileged information that the Defendant requested.

37. Defendant has a contractual obligation to indemnity Hasco for its actual loss arising as a result of the Deed and Covenant Restriction. Despite the fact that Hasco made a claim on the Policy in June of 2010, and renewed that claim on or about March 1, 2013, as of the date of this filing, the Defendant has not compensated Hasco for its tremendous loss in value to the Pagosa Springs Property that arises as a direct result of the Restriction.

First Claim For Relief – Breach of Contract

38. Hasco incorporates the foregoing allegations by this reference.

39. Hasco and Defendant entered into a contract, namely a Policy of Title Insurance (Policy No. J1947599), issued by the Defendant on or about April 14, 2004, in the amount of $2,570,000.00.

40. The Policy insures against loss or damage sustained or incurred by Hasco by, among other things, any defect in, or lien or encumbrance on the title to the Pagosa Springs Property.

41. Hasco made a claim under the Policy in June of 2010, alleging a multi-million dollar loss in value to the Property as a result of an undetected Deed and Covenant Restriction.

42. At a minimum, Hasco's claim triggered Defendant's contractual obligation to investigate the claim, determine Hasco's loss as a result of the Restriction, and compensate Hasco for the loss arising from the Restriction.

43. Hasco has afforded Defendant nearly three years to perform its obligation under the contract, but Defendant has failed to compensate Hasco for its loss or otherwise take any action to mitigate or reduce Hasco's loss.

44. Defendant breached the contract.

45. Hasco had performed the duties that were required and not excused under the contract at the time of Defendant's breach.

46. As a direct and foreseeable result of Defendant's breach of the contract, Hasco has suffered direct and consequential damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for all damages and relief available at law for Defendant's breach of contract, including but not limited to judgment in its favor and against Defendant in an amount to be proven at trial, plus pre- and post-judgment interest, costs, fees, attorneys' fees and expenses to the extent available, and that this Court grant any and all further relief as this Court deems just and appropriate.

Jury Demand

HASCO DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

DATED this 13th day of May, 2013.

DRB Law PLLC:

Original signature on file in the law offices of DRB Law PLLC, per C.R.C.P. Rule 121 §1-26(9)

By:

David R. Ball, Esq.
Atty. Registration # 32846
DRB Law PLLC
P.O. Box 12086
Denver, CO 80212
Phone Number: (720) 439 - 2530
Fax Number: (720) 439 - 2532
E-mail: david@drbesq.com
ATTORNEY FOR PLAINTIFF

Plaintiff's address
3032 I-70 Business Loop
Grand Junction, Colorado, 81504