IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01702-RM-MJW

HASCO, INC. OF NEW MEXICO,

    Plaintiff,

vs.

FIRST AMERICAN TITLE INSURANCE COMPANY,

    Defendant.

---

**PROTECTIVE ORDER AGREEMENT** ( Docket No. 32-1 )

---

    First American Title Insurance Company, Hasco Inc. of New Mexico, and ALCO Stores, Inc., by and through counsel, hereby agree as follows:

    A.    Hasco, Inc. of New Mexico ("Hasco") has instituted a lawsuit against First American Title Insurance Company ("First American") in which a covenant restriction for the benefit of ALCO Stores, Inc. ("ALCO") involving two parcels of undeveloped property adjacent to property leased by ALCO at or near Highway 160 in Pagosa Springs, Colorado in a subject.

    B.    The lawsuit is pending in the United States District Court for the District of Colorado, Civil Action No. 13-CV-01702-RM-MJW ("the Litigation").

    C.    First American has served a Subpoena Duces Tecum upon ALCO seeking the production of various documents that may relate to the subject matter of the litigation.

    D.    Some of the documents requested pursuant to the Subpoena are deemed by ALCO to be confidential and proprietary. ALCO is willing to produce certain documents pursuant to the Subpoena provided that the confidentiality and proprietary nature of such documents is protected. Accordingly, ALCO, First American and Hasco have agreed as follows:

    1.    Documents produced by ALCO pursuant to the Subpoena shall be designated as either "Confidential" or "Highly Confidential – Attorneys Eyes Only" within the meaning of this Protective Order Agreement. This Protective Order Agreement shall have application to all documents produced by ALCO pursuant to the Subpoena. The parties to this Agreement reserve

the right to apply to the Court in which the litigation is lodged for modification to this Protective Order Agreement in the event they are unable to voluntarily agree to such modifications.

2. CONFIDENTIAL MATERIAL

    a. "Confidential" information or items shall mean information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

    b. Any party to this action may invoke protection for proprietary confidential material (including, *inter alia*, exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, and deposition transcripts) if that party asserts in good faith that such material comprises or contains proprietary information or trade secrets. Such claim of protection shall be made by stamping or marking documents or things containing such information with the following legend:

"CONFIDENTIAL"

Protection can be obtained for testimony given at depositions by designating the transcript of such testimony with the foregoing legend. Material thus marked is referred to herein as "Confidential Material."

3. HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY MATERIAL

    a. "Highly Confidential Attorney's Eyes Only Material" shall mean any type or classification of information which the producing party has a good faith basis for contending is extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on "CONFIDENTIAL" Information in this Order, may compromise and/or jeopardize the producing party's business interests, and further is designated as such by the party producing the information whether such information be revealed during a deposition, contained in a document, or contained in any pleading, including, without limitation, interrogatory answers, responses to requests for admissions, briefs, or other papers prepared in connection with this litigation.

    b. Any party to this action may invoke special protection for any material (including, *inter alia*, exhibits, documents and things produced by any party

2

or witness, answers to interrogatories, responses to requests for admissions, and deposition transcripts) which that party asserts in good faith involves Highly Confidential – Attorneys Eyes Only information. Such claim of protection shall be made by stamping or marking documents or things with the following legend:

"HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY"

Attorneys only protection can be obtained for testimony given at depositions by designating the transcript of such testimony with the foregoing legend. Material thus marked is referred to herein as "Attorneys Eyes Only Material."

4. No person may use or disclose Confidential Material or Attorneys Only Material or information derived from it, except for purposes of this action and as set forth in this or further Order of the Court; but nothing contained in this Order shall affect the right of a party to use or disclose its own trade secrets or confidential information which is designated under this Order solely by it.

5. No person may attend portions of depositions designated as Confidential or Attorneys Eyes Only under this Order unless such person is an authorized recipient of designated materials under the terms of the Order.

6. A party may designate a document by applying the appropriate legend to every page of any copies of the documents supplied to the other party to the extent they contain such information, but need not make such marking on inspection by the other party's counsel prior to copying.

7. Use of Confidential Material and Attorneys Eyes Only Material

A. Materials stamped or marked "CONFIDENTIAL" and all information derived therefrom shall be available only to (a) the parties, (b) attorneys licensed to practice law in any State of the United States who are engaged in good faith to advise any parties concerning this litigation (including in-house counsel), such attorney's legal associates, employees, and such translators or interpreters as necessary in connection with this action; (c) independent outside consultants assisting counsel of record with respect to this action if such outside consultants (i) need to know the same in connection with such assistance, (ii) are not currently engaged in business in direct competition with any party, (iii) agree to be bound by the terms of this protective order; (d) the insurance carrier for any party to the above-captioned matter; and (e) other persons assisting counsel in this litigation who have been approved by the Court or who have been approved by the opposing party as provided herein.

Counsel desiring to disclose Confidential Material to

3

an outside consultant, insurance carrier, or other person shall first provide counsel for the designating party with the identity of a proposed recipient, including that person's business and experience. Counsel for the designating party shall have five (5) working days from the receipt of notice to object, on reasonable grounds, to the disclosure of protected materials. Upon such timely objection, no disclosure shall be made. If no such timely objection is made, the disclosing counsel shall inform the recipient of the terms of this Order and obtain the recipient's written agreement to be bound by the terms of this Order.

B. Materials stamped or marked "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and all and information derived therefrom shall be available only to (a) attorneys licensed to practice law in any State of the United States who are engaged in good faith to advise any parties concerning this litigation, such attorney's legal associates, and employees; and (b) the Court and its personnel.

8. Subject to the requirements of D.C.COLO.LCivR 7.2, Confidential Materials and Attorneys Eyes Only Materials designated under this Order and information derived directly from them may be presented to the Court in this action, and may be included in briefs, memoranda, or other papers filed with this Court.

9. A party shall not be obligated to challenge the propriety of any designation for protection hereunder at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. The person or entity seeking to protect information shall have the burden of establishing the appropriateness of the protection sought. .

10. The inadvertent or unintentional disclosure by the designating party of protected material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

11. Nothing contained in this Order shall prohibit or restrict the right or ability of counsel to give legal advice based on material or information obtained in discovery or under this Order, provided that in so doing they do not disclose any of the substance of designated material to any person not authorized to receive such information and material pursuant to this Order.

12. The fact that material is designated under this Order shall not determine or affect what a trier of fact may find to be confidential or trade secrets. Except for obligations created by

or arising under this Order, no designation or acceptance of any designation pursuant to this Order shall constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or trade secret.

13. The termination of this action shall not automatically terminate the effectiveness of this Order. Nothing in this Order is intended to create or will be construed to create any contract or agreement between the parties or between the parties and any counsel.

Dated this 29th day of January 2014.

BY THE COURT:

*/s/ Michael J. Watanabe*

United States Magistrate Judge Michael J. Watanabe


*/s/ David R. Ball*

David R. Ball
DRB Law, PLLC
P.O. Box 12086
Denver, CO  80212
Phone: (720) 439-2530
Fax:        (720) 439-2532
Email:     david@brbesq.com

Counsel for Plaintiff
Hasco, Inc. of New Mexico

5

_____
Steven P. Bailey
Vaughan & DeMuro
111 S. Tejon, Suite 545
Colorado Springs, CO   80903
Phone:          (719) 578-5500
Fax:            (719)578-5504
Email:          sbailey@vaughandemuro.com

Counsel for Defendant
First American Title Insurance Company

_____
James E. Dallner
Lathrop & Gage, LLP
950 17th Street, Suite 2400
Denver, Colorado 80202
Phone           (720) 931-3200
Fax             (720) 931-3201
Email           jdallner@lathropgage.com

Counsel for Third Party ALCO Stores, Inc.

6

21232282v1